Ben W. WATKINS, Plaintiff–Appellant,

v.

TENNESSEE DEPARTMENT OF CORRECTIONS; Jack Morgan; Donal Campbell; Shirley Plunkett, Defendants–Appellees.

No. 01–5862.

United States Court of Appeals, Sixth Circuit.

March 26, 2002.

Before NORRIS, SILER, and GILMAN, Circuit Judges.

### ORDER

Pro se Tennessee prisoner Ben W. Watkins appeals a district court's grant of summary judgment that dismissed his 42 U.S.C. § 1983 suit. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, Watkins sued several defendants employed by the Tennessee Department of Corrections. He claimed that, in 1993, he served twenty-two days of incarceration that he should not have served because the defendants mistakenly interpreted a judgment to provide for a consecutive sentence when it was actually to be served concurrently with his other sentences.

The magistrate judge recommended that the district court grant the defendants' motion for summary judgment. Over Watkins's objections, the district court granted summary judgment and dismissed Watkins's suit as barred by the doctrine of *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because an award of damages in his favor would imply the invalidity of his confinement and because Watkins had not challenged the sentence through available appeals or habeas relief.

In his timely appeal, Watkins argues that the district court erred by dismissing his suit. Both parties have filed briefs.

Upon de novo review, we conclude that summary judgment for the defendants was proper. Watkins's § 1983 suit is not cognizable in the light of *Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364. In *Heck,* the Supreme Court held that a state prisoner cannot make a cognizable claim under 42 U.S.C. § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been invalidated. *Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364. Furthermore, the claim is not cognizable and must be dismissed whether the plaintiff seeks to obtain monetary damages or to attack the validity of his confinement. *Id.; see also Preiser v. Rodriguez,* 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (stating that habeas corpus proceeding, not

§ 1983, is appropriate remedy for a state prisoner to attack the validity or length of his sentence).

Because Watkins's claims necessarily attack the legality of his confinement, his civil rights action is barred by the holding in *Heck. See Shamaeizadeh v. Cunigan,* 182 F.3d 391, 396 (6th Cir.1999). It is noted that Watkins's claims are not viable, even though he may not now be able to seek habeas relief because he no longer satisfies the "in custody" requirement of 28 U.S.C. § 2254. *Huey v. Stine,* 230 F.3d 226, 230 (6th Cir.2000).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.